UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANA LUNN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF DETROIT, et al.,<br><br>    Defendants. | Case No. 19-13578<br><br>Honorable Laurie J. Michelson<br>Magistrate Judge David R. Grand |

**OPINION AND ORDER OVERRULING IN PART
DEFENDANTS' PARTIAL OBJECTION TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [41]
AND OTHERWISE ADOPTING THE
REPORT AND RECOMMENDATION [37]**

Dana Lunn filed a *pro se* complaint against the City of Detroit, the Detroit Police Department, and several Detroit police officers alleging that, during a traffic stop and his subsequent arrest in 2016, he had been the victim of various torts and constitutional violations. (ECF No. 1.) The case was later referred to Magistrate Judge David R. Grand pursuant to 28 U.S.C. § 636(b)(1). (*See* ECF No. 15.)

In time, the officers filed a motion for judgment on the pleadings and for summary judgment. (ECF No. 28.) They primarily argue that Lunn failed to state a claim against the City, and that the officers had committed no constitutional violations and are immune from liability. (*See id.*) Magistrate Judge Grand recommends dismissing all of Lunn's claims with the exception of an excessive-force claim against the officers relating to Lunn's too-tight handcuffs during his arrest. (*See* ECF No. 37, PageID.313–317, 324.) As to that claim, he recommends that the

officers be permitted to file a renewed motion for summary judgment after attending mediation. (*Id.* at PageID.324.)

The officers partially object to the Report and Recommendation, arguing that the surviving excessive-force claim had not been properly pled or argued and accusing the Magistrate Judge of "*insert*[ing] [this] claim into the Complaint." (ECF No. 41, PageID.347 (emphasis in original).) They urge this Court to grant their motion for judgment on the pleadings and for summary judgment in full, or, alternatively, to permit them to file a renewed motion without first attending mediation. (ECF No. 41, PageID.343.) Lunn has neither filed an objection to the dismissal of nearly all of his claims, nor responded to the officers' objection.

For the reasons explained below, the Court will partly overrule and partly sustain the officers' objection to the survival of the excessive-force claim, and it will otherwise adopt the Report and Recommendation.

## I. Legal Standard

The standard of review depends on whether the parties timely object to the magistrate judge's Report and Recommendation. When a party timely objects, a district judge reviews the issue(s) raised by the objection de novo, but a district judge is not obligated to review un-objected to issues. See Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

## II. Objection to the Handcuffing Claim

Here, only one party objected to one issue. Specifically, the officers argue that their motion should have been granted in full because Lunn did not adequately plead an excessive-force claim based on handcuffing, or in the alternative, they ask that they be permitted to file a new motion on this claim without attending mediation. (ECF No. 41, PageID.345.)

True, Lunn's complaint could have been clearer. Even Magistrate Judge Grand acknowledged that this claim "wasn't articulated with any real clarity" until oral argument. (ECF No. 37, PageID.313.)

But when Lunn filed his complaint, he was *pro se*. (*See* ECF No. 1; *but see* ECF No. 22 (Lunn obtaining counsel)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). And he did plead a violation of the Fourth Amendment (ECF No. 1, PageID.6), claimed that his right to be free from "the unlawful use of force" was violated (*id.*), alleged that he suffered "injuries to his left wrist and shoulders" (*id.* at PageID.4), and said that he was "vi[ci]ously grabbed, handcuffed, detained, and denied treatment" by the officers, although this last piece of information was included in relation to an assault and battery claim (*id.* at PageID.10). *Cf. McColman v. St. Clair Cnty.*, 479 F. App'x 1, 5 (6th Cir. 2012) (finding that "nothing in these paragraphs . . . can be construed as an allegation that Doan used excessive force" in relation to handcuffing).

And even if the complaint were ambiguous, the "course of the proceedings" in this case likely provided the officers with additional notice of the handcuffing claim. *Cummings v. City of Akron*, 418 F.3d 676, 681 (6th Cir. 2005) ("We apply a 'course of the proceedings' test to determine whether officers in a § 1983 action have received notice of the plaintiff's claims where the complaint is ambiguous."). For starters, when Lunn made a complaint to the Detroit Police Department shortly after the incident, he said that "the officers never released the handcuffs," that "he kept asking them to loosen the handcuffs or to please put another set on him," and that "his wrist is still swollen and his arm still hurts." (ECF No. 42-1, PageID.356.) Additionally, Lunn filed an affidavit stating that the officers refused to loosen his too-tight handcuffs (ECF No. 31-3, PageID.212), and Lunn's response to the motion noted the same (ECF No. 31, PageID.166). If that were not enough, Defendants' motion itself noted the basis for this claim: "[Lunn] asked the officers to take his handcuffs off, but they say they cannot . . . Plaintiff complained that his handcuffs were too tight." (ECF No. 28, PageID.119 (internal citation omitted).)

In any case, the best course here is perhaps a middle road between determining whether this claim was adequately pled or whether the magistrate judge "inserted" it into the complaint. (ECF No. 41, PageID.347 (emphasis removed).) As explained in further detail below, the Court will permit Lunn to amend his complaint to plead the handcuffing claim more clearly if he so wishes. *See* Fed. R. Civ. P. 15(a)(2). If he does so, then the officers will be permitted to take additional discovery and file a new motion without first attending mediation. So their objections are sustained in part

4

(as to the request not to be compelled to attend mediation) and overruled in part (as to the request to grant their dispositive motion in full). (ECF No. 41.)

### III. The Remaining Claims

As to the other claims, neither Lunn nor the officers filed any objections, and the time to do so has passed. (*See* ECF No. 37, PageID.324 (giving the parties 14 days from February 8, 2022 to object and noting that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal.").)

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and adopts the recommended disposition as to all claims except the excessive-force claim discussed above. (ECF No. 30.) So those claims are dismissed, and Defendants' motion for judgment on the pleadings and for summary judgment (ECF No. 28) is granted in part.

### IV. Conclusion

Accordingly, the Court ADOPTS IN PART the Report and Recommendation. (ECF No. 30.) Specifically, it ADOPTS the recommended disposition of all claims except the handcuffing claim and dismisses them. It follows that the defendant's motion for judgment on the pleadings and for summary judgment is thus GRANTED IN PART. (ECF No. 28.)

And the officers' objection to the excessive-force claim is OVERRULED IN PART. (ECF No. 41.) The Court GRANTS Lunn 14 days to amend his complaint only to add allegations that he was handcuffed too tightly in violation of the Fourth Amendment. If no timely amended complaint is filed, the court will dismiss the case

for failure to plead the last remaining claim. *See J.H. v. Williamson Cnty., Tennessee*, 951 F.3d 709, 722 (6th Cir. 2020).

If an amended complaint is filed, the officers will have 60 days to conduct any additional discovery and file a renewed motion if they wish to do so. In that case, the officers may—but are not required to—attend mediation. If they wish to mediate this claim, they should promptly notify the Court for scheduling.

SO ORDERED.

Dated: March 21, 2022

                                                      s/Laurie J. Michelson
                                                      LAURIE J. MICHELSON
                                                      UNITED STATES DISTRICT JUDGE