UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA LUNN,

    Plaintiff,

v.

CITY OF DETROIT, et al.,

    Defendants.

Case No. 19-13578
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION [46]**

Dana Lunn sued the City of Detroit, the Detroit Police Department, and several Detroit police officers alleging that he had been the victim of various tort injuries and constitutional violations during a traffic stop and arrest in 2016. (ECF No. 1.)

The case was referred to Executive Magistrate Judge David R. Grand for all pretrial proceedings. (ECF No. 15.) Following Defendants' motion for summary judgment, Magistrate Judge Grand recommended dismissing all of Lunn's claims except for one excessive-force claim against the officers related to Lunn's handcuffing during his arrest. (ECF Nos. 28, 37.) The officers filed an objection, arguing that Lunn had failed to properly plead the surviving claim and asking this Court to dismiss the case in its entirety. (ECF No. 41.)

This Court partly overruled and partly sustained the officers' objection. (ECF Nos. 41, 43.) Though it did not require the officers to mediate this claim as the

1

magistrate judge had recommended, it also did not dismiss it outright. (ECF No. 43, PageID.373–374.) Instead, it granted Lunn 14 days from March 21, 2022, to file an amended complaint that more clearly pled the excessive-force claim. (*Id.* at PageID.375.) But the Court warned that "[i]f no timely amended complaint is filed, the court will dismiss the case for failure to plead the last remaining claim." (*Id.*) When the date to file an amended complaint passed without such a filing, the Court followed through, dismissing the case and entering a judgment. (ECF Nos. 44, 45.)

However, nearly two weeks later (and almost three weeks after the deadline), Lunn filed a motion for reconsideration, asking the Court to permit him to file an amended complaint based on "new" evidence of injury. (ECF No. 46.) But because Lunn fails to explain why this evidence was not available to him before judgment was entered or why he failed to comply with the Court's deadline, the Court will DENY the motion.

I.

The Court must first determine the proper standard of review. Because the Court already entered a judgment in this case, it will construe Lunn's motion for reconsideration as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).[1] *See* E.D. Mich. LR 7.1(h)(1) ("Motions for Rehearing or Reconsideration[:] . . . Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b).").

---

[1] Despite titling his motion as a motion for reconsideration, Lunn cites Rule 59(e) and so apparently recognizes that this is the proper standard. (ECF No. 46, PageID.381.)

"Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice." *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009); *see also Moore v. Coffee Cnty., TN*, 402 F. App'x 107, 108 (6th Cir. 2010). Moreover, it is "well established" that Rule 59(e) relief is not warranted "when [a motion] is premised on evidence that the party had in his control prior to the original entry of judgment." *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 567 (6th Cir. 2016).

## II.

Although Lunn's cursory motion does not specify the ground for relief, a fair reading of it suggests that he discovered "new" evidence of injury related to his excessive-force claim: "[A]t a recent medical appointment, [Lunn] learned from his doctor that the events leading to this lawsuit had aggravated his shoulder condition." (ECF No. 46, PageID.382.)

This is not enough to warrant relief under Rule 59(e). Lunn's altercation with police occurred in 2016, and this case has been in litigation since 2019. (*See* ECF No. 1.) Without some explanation, the Court does not see why evidence of an injury only became available in the last month. And Lunn does not provide an explanation. Indeed, he makes no effort to explain why the injury could not have been revealed during the lengthy discovery period, in the period following Magistrate Judge Grand's recommendation that this claim should survive, or before the Court entered judgment

3

following a clear warning of dismissal if no amended complaint was filed in time. Instead, it appears that Lunn had ample opportunity to seek a medical examination or—at the very least—to ask the Court for more time to file an amended complaint before it entered judgment.

So this "new" fact appears to have been available prior to the entry of judgment and does not constitute newly discovered evidence justifying relief under Rule 59. *See Gritton*, 332 F. App'x at 239 (finding witness statements submitted following judgment could have been discovered before judgment with diligent investigation).

### III.

For the foregoing reasons, the Court DENIES Lunn's motion for reconsideration. (ECF No. 46.)

SO ORDERED.

Dated: May 13, 2022

                              s/Laurie J. Michelson
                              LAURIE J. MICHELSON
                              UNITED STATES DISTRICT JUDGE