UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA LUNN,

    Plaintiff,

v.

CITY OF DETROIT et al.,

    Defendants.

Case No. 19-13578
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [56]

Around 1 a.m. on June 3, 2016, two Detroit police officers found Dana Lunn unconscious in his car in the middle of Eight Mile Road. (ECF No. 37, PageID.290, 292.) Lunn said he "had a seizure and passed out in his vehicle" (ECF No. 1, PageID.3), but according to the officers Lunn appeared to be under the influence of alcohol and/or drugs (ECF No. 28, PageID.119–120; ECF No. 37, PageID.294). Whatever the reason, Lunn was confused when the officers woke him and "failed to advise them that he had a concealed pistol in his waistband." (ECF No. 37, PageID.290.)

So Lunn was arrested—and allegedly handcuffed too tightly. (*Id.* at PageID.313–314.) While in the back of the squad car for the next 45 minutes, Lunn says he "repeatedly" complained to the officers that the cuffs were hurting him. (*Id.* at PageID.293–294; *see id.* at PageID.305.) He was then taken to the hospital, where his cuffs were loosened. (ECF No. 31, PageID.166.) "Hospital records indicate that

1

Lunn had 'no acute complaints,' had no '[p]ain symptoms,' [and] was not injured," so he was sent home. (ECF No. 28, PageID.294–295 (first alteration in original) (quoting Lunn's sealed hospital record).) His charges of carrying a concealed weapon and impeding traffic were later dropped. (*Id.* at PageID.290.)

In 2019, Lunn sued the City of Detroit, the Detroit Police Department, and several Detroit police officers, alleging "a slew of" state tort claims (*id.* at PageID.291) and claims of excessive force, unlawful arrest, and malicious prosecution under the Fourth and Fourteenth Amendments (ECF No. 1). Lunn filed his complaint *pro se*, but he obtained representation in February 2021 while discovery was still ongoing. (*See* ECF No. 22.) Then in 2022, Defendants moved for summary judgment. (ECF No. 28.) The Court dismissed all but Lunn's excessive force claim, giving Lunn the opportunity to amend his complaint and more clearly allege that he was handcuffed too tightly during his arrest. (*See* ECF No. 43.) When Lunn's deadline passed without that amendment, the Court dismissed Lunn's remaining claim (ECF No. 44) and entered judgment in Defendants' favor (ECF No. 45).

Nearly two weeks later, Lunn, through counsel, moved for reconsideration. (ECF No. 46.) The Court construed his "cursory motion" as a Rule 59(e) motion to alter or amend the judgment based on "new" evidence of injury. (*Id.* at PageID.504–505.) "But because Lunn fail[ed] to explain why this evidence was not available to him before judgment was entered or why he failed to comply with the Court's deadline," the Court denied the motion. (*Id.* at PageID.504.) Eight months later, Lunn, apparently proceeding without counsel, sought to appeal that ruling (ECF No.

2

48), but the Sixth Circuit dismissed the appeal as untimely (ECF Nos. 52, 53) and the United States Supreme Court denied certiorari (ECF No. 55).

Undeterred, Lunn returned to this Court in February 2024 "to see if [he] can get the court system to reopen [his] case." (ECF No. 56, PageID.521.) That request, along with the three documents Lunn has filed since (ECF Nos. 57–59), is before the Court now. For the reasons that follow, the Court DENIES Lunn's latest motion.

I.

First, the proper standard of review.

Although Lunn does not specify a ground for relief, this Court's local rules limit him to two possible routes: a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b). *See* E.D. Mich. LR 7.1(h)(1) ("Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)."); *see Ryan v. Nagy*, No. 20-11528, 2023 WL 3340067, at *1 (E.D. Mich. May 10, 2023). Only a Rule 60(b) motion is available here, given that Lunn has already brought a Rule 59(e) motion (ECF No. 46; *see* ECF No. 47) and almost two years have passed since the entry of the judgment in this case, *compare* Fed. R. Civ. P. 59(e) (requiring Rule 59(e) motions to be filed "no later than 28 days after the entry of the judgment"), *with* Fed. R. Civ. P. 60(c) (requiring Rule 60(b)(1)–(3) motions to be filed "no more than a year after the entry of the judgment" and Rule 60(b)(4)–(6) motions to be filed "within a reasonable time"). So the Court construes Lunn's motion to "reopen [his] case for a appeals [sic]" (ECF No. 56, PageID.520) as a motion for relief under Federal Rule of Civil Procedure 60(b).

3

Rule 60(b) "provides a mechanism for seeking post-judgment relief—reopening of a case—for a limited set of circumstances." *Marcelli v. Walker*, 313 F. App'x 839, 841 (6th Cir. 2009). "The purpose of a Rule 60(b) motion . . . is to permit a district court to reconsider its judgment when that judgment rests on a defective foundation." *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-01455, 2023 WL 10352931, at *1 (N.D. Ohio Oct. 18, 2023). So "[a] proper Rule 60(b) motion 'attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal [] proceedings.'" *U.S. ex rel. Oakes v. Cinnaire*, Nos. 20-1911, 20-1938, 2020 U.S. App. LEXIS 38037, at *3 (6th Cir. Dec. 4, 2020) (omission in original) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)); *see Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." (quoting *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000))); *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) ("A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal.").

Six situations allow a federal court to modify or vacate a final judgment and reopen a case: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial"; (3) an opposing party's fraud, misrepresentation, or misconduct; (4) a void judgment; (5) satisfaction, release, or discharge of the judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Because

4

Rule 60(b) is limited by "public policy favoring finality of judgments and termination of litigation," *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008), "[c]ourts generally interpret Rule 60(b) narrowly," *United States v. Rogers*, Nos. 08-2, 18-889, 18-825, 2024 WL 2010935, at *5 (S.D. Ohio May 7, 2024). And the party seeking relief "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc.*, 538 F.3d at 454.

## II.

Lunn asserts two main arguments for why the Court should reopen his case: his attorney's allegedly poor performance (*see* ECF Nos. 56, 57, 58) and his "significant, chronic injuries" allegedly caused by the too-tight handcuffs (ECF No. 59, PageID.539; *see* ECF No. 56). The Court thus understands Lunn to be seeking relief based on grounds (1) and (2)—his attorney's "mistake" or "excusable neglect" and his "new" evidence of injury. *See* Fed. R. Civ. P. 60(b)(1)–(2).

But Lunn is too late to bring a motion based on either of these arguments. Lunn had one year from the Court's final judgment—i.e., until April 11, 2023—to file a motion under Rule 60(b)(1) or (2). *See* Fed. R. Civ. P. 60(c)(1); *see also Lamb v. Wilson*, No. 21-2891, 2022 WL 4538371, at *2 (6th Cir. Apr. 25, 2022) (affirming district court's denial of Rule 60(b)(2) motion as untimely). Instead, he brought this motion on February 26, 2024—nearly two years post-judgment. (*See* ECF No. 56.)

What is more, even if Lunn's motion were timely, he fails to satisfy the requirements of Rule 60(b)(1) and (2).

5

Start with subsection (1). Lunn says that his attorney, Howard Lederman, "messed up [his] case." (*Id.* at PageID.521.) He asserts that Lederman "did not tell [Lunn] anything" and failed to give Lunn "all of" his "paperwork" after he asked for it. (*Id.*) And, Lunn claims, Lederman failed to timely file or respond to something (*see id.*), seemingly something related to a settlement (*see id.* at PageID.522; ECF No. 58, PageID.538), because Lederman "had back problems" and "his health was a [sic] bad" (ECF No. 58, PageID.538). So Lunn says he "turned Mr. Howard Lederman in to the attorney grievance commission." (ECF No. 56, PageID.521 (cleaned up); *see* ECF No. 57, PageID.530 (copy of Commission's March 2024 letter to Lederman) ("Following an investigation . . . the Attorney Grievance Commission determined that the evidence reviewed did not warrant further action by the Commission."); ECF No. 58 (copy of Lederman's September 2023 letter to the Commission, responding to Lunn's grievance against him).)

But none of this is enough to warrant relief under Rule 60(b)(1). "[T]he case law consistently teaches that out-and-out lawyer blunders . . . do not qualify as 'mistake' or 'excusable neglect' within the meaning of [Rule 60(b)(1)]." *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (alteration in original); *see Burnley v. Bosch Americas Corp.*, 75 F. App'x 329, 332 (6th Cir. 2003) (explaining that the party seeking relief under Rule 60(b)(1) must show not only the existence of a mistake but also that the mistake was "excusable" in light of equitable considerations). Indeed, reopening a final judgment is an "extraordinary remedy." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th

6

Cir. 2000). "Were [federal courts] to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, . . . meaningful finality of judgment would largely disappear." *McCurry*, 298 F.3d at 595 (quoting *Pryor v. USPS*, 769 F.2d 281, 288–89 (5th Cir. 1985)). So in most cases of allegedly inadequate legal representation, the proper remedy is a separate suit, e.g., for legal malpractice or breach of fiduciary duty, or a grievance—like the one Lunn has already brought against Lederman. (*See* ECF No. 57); *Burnley*, 75 F. App'x at 332 (explaining that "the type of action or inaction that leads to successful malpractice suits by the injured client" is generally not a basis for relief under Rule 60(b)(1)); *see also Bell*, 214 F.3d at 802 ("[T]he plaintiff is arguing ineffective assistance of counsel [under Rule 60(b)], and while that is a ground for a collateral attack on a criminal judgment, it is not a basis for collateral attack on a civil one. The exclusive remedy for legal malpractice in a civil case . . . is a suit for malpractice or for breach of fiduciary duty." (internal citations omitted)).

Next, Rule 60(b)(2). Under a liberal reading of his motion, Lunn argues he has "new" evidence of injury related to his excessive force claim. He cites surgeries he has had on his left shoulder, hand(s), and "a pinched nerve down [his] spine." (ECF No. 56, PageID.522.) He also "submitt[ed] medical documentation" of "significant, chronic injuries" he says he received "as a direct result of the incidents that took place on June 3, 2016." (ECF No. 59, PageID.539.)

But this does not excuse the failure to meet the Court's deadline, which was the basis for the dismissal of this claim. Nor is this evidence "new." *See CGH Transp.,*

7

*Inc. v. Quebecor World*, Inc., 261 F. App'x 817, 823 (6th Cir. 2008) (explaining that evidence is "newly discovered" under Rule 60(b) only if it was not previously available or discoverable); *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018) (explaining that Rule 60(b)(2) evidence must be more than "merely . . . cumulative"). Most of it is already in the record. When Lunn sought relief under Rule 59(e) two years ago, he identified the same "injuries" he cites now. (*Compare* ECF No. 56, PageID.539 (citing carpal tunnel syndrome and "[d]amage to the left capsular contracture—rotator cuff—narrowing of the glenohumeral joint—degenerative changes in the biceps tendon"), *with* ECF No. 46-5, PageID.453 (listing findings of "severe capsular contracture," "[l]eft Chronic complete tear of the rotator cuff," "[m]oderate narrowing of the glenohumeral joint," "severe degenerative changes of the glenohumeral joint due to osteoarthritis," and "degenerative changes of the biceps tendon").) He even provided the same medical records of his 2021 shoulder surgery that he includes with his current motion. (*Compare* ECF No. 59, PageID.547–549, *with* ECF No. 46-5, PageID.453–455.) But "Rule 60(b) is not a vehicle to give the losing litigant a second bite at the apple." *Kline v. Mortg. Elec. Registration Sys., Inc.*, 704 F. App'x 451, 466 (6th Cir. 2017). A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011) (quoting E.D. Mich. LR 7.1(h)(3) (amended 2021)). Otherwise, "no decision would ever be final." *Rogero v. Sec'y of Health & Hum. Servs.*, 143 Fed. Cl. 21, 27 (Fed. Cir. 2019).

Lunn not only reargues his case but appears to reargue his prior motion. But Lunn's arguments do not justify relief under Rule 60(b) just as they did not justify relief under Rule 59(e). And "[t]he standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Under Rule 59, Lunn claimed "new" evidence of injury—that "at a recent medical appointment, he learned from his doctor that the events leading to this lawsuit had aggravated his shoulder condition." (ECF No. 46, PageID.382.) The Court denied that motion because "this 'new' fact appear[ed] to have been available prior to the entry of judgment and d[id] not constitute newly discovered evidence justifying relief under Rule 59." (ECF No. 47, PageID.506.) The Court's reasoning then is equally applicable now: "Lunn's altercation with police occurred in 2016, and this case has been in litigation since 2019. Without some explanation, [which Lunn does not provide,] the Court does not see why evidence of an injury only became available in the last month." (*Id.* at 505.)

Even assuming Lunn alleges altogether new injuries, he still fails to present "newly discovered" evidence within the meaning of subsection (2). (*See* ECF No. 59, PageID.539 (referencing "[l]eft hand injuries that are scheduled for diagnosis on a future date" and future "additional procedure[s]" needed on his right hand, left shoulder, and neck). *But see, e.g., id.* at PageID.547 (medical record finding "severe degenerative changes . . . *due to osteoarthritis*" (emphasis added)).) Rule 60(b)(2) evidence "must have existed at the time of the judgment." *Little Caesar Enters., Inc. v. S&S Pizza Enters., Inc.*, No. 21-11776, 2024 WL 2231657, at *3 (E.D. Mich. May

9

17, 2024) (citing *Est. of Hickman v. Moore*, 502 F. App'x 459, 471 (6th Cir. 2012)). So Lunn is not entitled to relief based on new injuries he says developed only recently. *See Trico Marine Assets v. Diamond B. Marine Servs.*, No. 99-951, 2002 WL 31488242, at *1 (E.D. La. Nov. 4, 2002) (concluding that "post-trial developments in the claimants' medical conditions," such as "further medical complications," "treatment," and "another" recommended surgery, did not constitute new evidence under Rule 60); *cf. Still v. Townsend*, 311 F.2d 23, 23–24 (6th Cir. 1962) (affirming denial of 60(b)(2) relief where plaintiff sought to increase damages based on new evidence that her injuries were more severe than shown at trial); *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) ("The weight of authority is against the granting of a new trial [under Rule 59] on the ground of unexpected improvement in the plaintiff's condition, unless the evidence is sufficient to show fraud.").

Finally, Lunn's motion fails even under Rule 60(b)(6)'s catch-all provision.

Subsection (6) allows a federal court to relieve a party from a final judgment for "any other reason"—that is, any reason other than those listed in subsections (1)–(5)—"that justifies relief." Fed. R. Civ. P. 60(b)(6); *see McCurry*, 298 F.3d at 596 (explaining that subsections (6) and (1) are "mutually exclusive, with relief available under subsection (b)(6) only in the event that none of the grounds set forth in clauses (b)(1) through (b)(5) are applicable"). And "because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)," *McCurry*, 298 F.3d at 595, relief under subsection (6) is limited to "the most unusual and extreme situations," *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018), "where principles of

10

equity *mandate* relief," *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013); *see Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) ("Courts, however, must apply subsection (b)(6) only 'as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present.'" (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989))).

So Lunn's arguments under subsections (1) and (2) make relief unavailable under subsection (6). And even assuming Lunn could proceed under Rule 60(b)(6), he does not point to any "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 535, 528 (2005) (quoting *Ackerman v. United States*, 340 U.S. 193, 199 (1950)).

For one, "poor lawyering alone is insufficient grounds to grant a Rule 60(b)(6) motion." *Pineda Transp., LLC v. Fleetone Factoring, LLC*, No. 22-6113, 2023 WL 9023358, at *3 (6th Cir. Nov. 2, 2023); *see id.* at *7 ("[A] district court is not required to grant such a motion whenever an attorney performs poorly."); *Travelers Cas. & Sur. Co. of Am. v. J.O.A. Constr. Co.*, 479 F. App'x 684, 696 (6th Cir. 2012) (collecting cases); *see also Schiavone v. State Farm Ins. Co.*, No. 22-3245, 2023 WL 4785512, at *2 (3d Cir. July 27, 2023) ("[Plaintiff] argued only that his counsel's representation was 'inadequate,' and did not show that the representation presented 'extraordinary circumstances' to warrant reopening under Rule 60(b)(6)."). Only in "*rare* cases" has the Sixth Circuit "found a lawyer's failures sufficiently egregious to warrant relief under Rule 60(b)(6).'" *Pineda Transp.*, 2023 WL 9023358, at *3 (quoting *Doyle v. Mut.*

11

*of Omaha Ins. Co.*, 504 F. App'x 380, 383 (6th Cir. 2012)); *see id.* at \*8 (affirming district court's denial of Rule 60(b) motion and reasoning in part that "[a]lthough [plaintiff's counsel's] litigation strategies at the summary judgment stage may have been questionable, this is not a situation where there is no question that the neglect of counsel was a prime factor resulting in the dismissal" (internal quotation marks omitted)). No such extraordinary circumstances exist here.

Likewise, Rule 60(b)(6) relief is unavailable where a plaintiff "merely raises the same arguments this Court has previously considered and rejected." *Gales v. Charles*, No. 23-328, 2023 WL 3984311, at \*3 (S.D. Ohio Apr. 4, 2023) (quoting *Penney v. United States*, Nos. 04-46, 11-35, 2015 WL 13664075, at \*3 (E.D. Tenn. Nov. 24, 2015)). And Lunn reargues his case (*see* ECF No. 56, PageID.521–522, 527)—and even reargues his motion for reconsideration, as explained above—rather than identifying extraordinary circumstances warranting relief. *Prows v. City of Oxford*, No. 22-693, 2023 WL 7384684, at \*5 (S.D. Ohio Nov. 8, 2023) ("[Plaintiff] reiterate[s] the issues, cases, and reasoning contained in his previous filings, which the Court already considered in reaching its previous judgment. And he has shown no extraordinary circumstances that justify applying Rule 60(b)(6)." (citation omitted)).

Nor do Lunn's other arguments—that the City of Detroit is "trying to cover something up" (ECF No. 56, PageID.527), "giving [him] the runaround" (*id.* at PageID.523) in response to his Freedom of Information Act request, and "treating [him] like trash" (*id.* at PageID.527)—establish extraordinary circumstances that justify applying Rule 60(b)(6).

12

## III.

For the above reasons, Lunn is not entitled to relief under Rule 60(b). Accordingly, the Court DENIES Lunn's motion for reconsideration. (ECF No. 46.)

SO ORDERED.

Dated: June 25, 2024

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE
